UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY M. MARUCO,<br><br>           Plaintiff,<br><br>v.<br><br>VERIZON WASHINGTON, DC, INC.,<br><br>           Defendant. | Civil Action No. 1:06cv01837 |

## DEFENDANT'S ANSWER

Defendant, Verizon Washington, D.C. Inc. ("Verizon DC"), states the following as its Answer to the Complaint filed by the Plaintiff, Tracy M. Maruco ("Maruco").

## FACTS

1. With respect to the allegations made in Paragraph 1, Verizon DC admits that Maruco purports to bring this action under the Americans With Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 and that she alleges discrimination on the basis of race, disability, gender and retaliation.

2. With respect to the allegations made in first sentence of Paragraph 2, Verizon DC admits that Maruco is a citizen of the United States, but is without knowledge or information sufficient to allow it to form a belief as to the truth or falsity of the allegations made regarding her current state of residence. Verizon DC admits the allegations made in the second sentence of Paragraph 2. Verizon DC denies the remaining allegations made in Paragraph 2.

3. With respect to the allegations made in Paragraph 3, Verizon DC admits that it hired Maruco to work as a Maintenance Administrator effective on March 27, 2000 and that she worked

at the Company's facility at 2055 L Street, N.W., Washington, DC 20036, but denies the remaining allegations made in Paragraph 3.

4. With respect to allegations made in Paragraph 4, Verizon DC is without knowledge or information sufficient to allow it to form a belief as to the truth or falsity of the allegations made in Paragraph 4 and accordingly, denies those allegations.

5. With respect to the allegations made in Paragraph 5, Verizon DC is without knowledge or information sufficient to allow it to form a belief as to the truth or falsity of the allegations made and therefore, denies those allegations. Verizon DC affirmatively states that Maruco never made a complaint to it regarding the allegations made in Paragraph 5.

6. Verizon DC denies the allegations made in the first sentence of Paragraph 6 except that it admits that the report of an independent medical examination dated March 17, 2005, stated that "Ms. Maruco is not able to return to work at this time." Verizon DC denies the allegations made in the second sentence of Paragraph 6 as stated and states that the report speaks for itself.

7. Verizon DC denies the allegations made in Paragraph 7 of the complaint as stated, but admits that an independent medical examiner examined Maruco on or about August 3, 2005 and wrote a report, a copy of which was forwarded to the third-party administrator of Verizon DC's Sickness and Accident Disability Plan. Verizon DC states that the report speaks for itself.

8. Verizon DC denies the allegations made in Paragraph 8 as stated, and states that the report speaks for itself.

9. Verizon DC does not have knowledge or information sufficient to allow it to form a belief as to the truth or falsity of the allegations made in the first sentence in Paragraph 9 of the Complaint. Verizon DC denies the remaining allegations made in Paragraph 9.

10. Verizon DC denies the allegations made in Paragraph 10 of the Complaint.

11. Verizon DC denies the allegations made in Paragraph 11 of the Complaint.

12. Verizon DC denies the allegations made in Paragraph 12 of the Complaint.

13. Verizon DC admits the allegations made in Paragraph 13 of the Complaint.

14. Verizon DC denies the allegations made in Paragraph 14 of the Complaint.

15. With respect to the allegations made in the first sentence of Paragraph 15 of the Complaint, Verizon DC denies the allegations as stated, but admits that Maruco submitted to the EEOC an amendment to her previously filed charge of discrimination seeking to add a claim of retaliation. With respect to the allegations made in the second sentence of Paragraph 15, Verizon DC admits that the EEOC issued a Notice of Right to Sue, but is without knowledge or information sufficient to allow it to form a belief as to the truth or falsity of the remaining allegations made in that sentence and accordingly, denies those allegations.

## COUNT ONE
### Americans With Disabilities Act

16. Verizon DC realleges and incorporates herein each and every answer set forth in Paragraphs 1-15, above as if fully set forth herein.

17. Verizon DC denies the allegations made in Paragraph 17 of the Complaint.

## COUNT TWO
## TITLE VII
### Race, Gender and Disability Discrimination

18. Verizon DC realleges and incorporates herein each and every answer set forth in Paragraphs 1-17, above as if fully set forth herein. Verizon DC denies the allegations made in Paragraph 18 of the Complaint.

## COUNT THREE
## RETALIATION

19.     Verizon DC realleges and incorporates herein each and every answer set forth in Paragraphs 1-18, above as if fully set forth herein.

20.     Verizon DC denies that Maruco is entitled to any of the relief she seeks.

### Additional and Affirmative Defenses

1.      The Complaint fails to state a claim upon which relief can be granted against Verizon DC for any of the claims alleged. Fed. R. Civ. P. 12(b)(6).

2.      Some or all of Maruco's claims are preempted by § 301 of the Labor Management Relations Act.

3.      Maruco's complaint is barred in whole or in part by her failure to satisfy the applicable administrative, jurisdictional, timeliness or other prerequisites to the maintenance of an action under Title VII or the ADA.

4.      Some or all of Maruco's claims are barred by the applicable statutes of limitations.

5.      All of Defendant's actions relative to Maruco were based on reasonable, legitimate, non-discriminatory business reasons.

6.      Defendant has not discriminated against Maruco on the basis of an alleged disability.

7.      The Complaint fails to state a claim upon which relief can be granted for violation of the Americans With Disabilities Act because Maruco is not disabled within the meaning of the ADA, did not have a record of a disability within the meaning of the ADA and was not perceived as disabled by Defendant.

8.      Maruco's claims under the ADA for compensatory and punitive damages are barred to the extent such claims exceed the statutory limits.

9.  None of Defendant's actions with respect to Maruco's employment constitute a willful, purposeful, deliberate or malicious violation of Maruco's rights under the ADA and therefore, Maruco is not entitled to punitive damages.

10. Defendant has not discriminated against Plaintiff on the basis of her sex.

11. Defendant has not discriminated against Plaintiff on the basis of her race.

12. Defendant raises an affirmative defense in accordance with the United States Supreme Court decisions in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). At all times relevant to Maruco's Complaint, Defendant maintained and regularly enforced appropriate policies and practices against discrimination and harassment, exercised reasonable care to prevent and correct promptly any discriminatory behavior and/or harassment and maintained effective multi-avenue complaint procedures that were known and available to all employees.

13. To the extent Maruco is now making claims of harassment beyond any reported to Defendant, those claims are barred because Maruco failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid the alleged harm.

14. Defendant has not discriminated against Plaintiff on the basis of her sexual orientation.

15. Maruco's claims of discrimination on the basis of her sexual orientation are not cognizable under Title VII or the ADA.

16. Maruco's claims under Title VII for compensatory and punitive damages are barred to the extent such claims exceed the statutory limits.

17. Defendant has not proximately caused any of the damages Maruco alleges in the Complaint.

18. Maruco's Complaint is barred by doctrines of law and equity, including, but not limited to, waiver and estoppel, laches and/or clean hands.

19. Maruco has failed to mitigate her alleged damages.

20. Defendant reserves the right to assert any additional defenses that may become available through the course of discovery or otherwise during the course of this litigation.

21. Maruco is not entitled to any of the relief she seeks.

WHEREFORE, the Defendant respectfully requests that the Court dismiss the Complaint with prejudice and award it its costs and such further relief as the Court deems appropriate and just under the circumstances.

Dated: December 11, 2006

Respectfully submitted,

/s/ Betty S.W. Graumlich
Betty S. W. Graumlich (D.C. Bar No. 376310)
**REED SMITH LLP**
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
Email: bgraumlich@reedsmith.com

        Bridnetta D. Edwards (D.C. Bar No. 437467)
        Allison M. Lefrak (D.C. Bar No. 485650)
        **REED SMITH LLP**
        1301 K Street, N.W.
        Suite 1100, East Tower
        Washington, D.C. 20005
        Telephone: (202) 414-9200
        Facsimile: (202) 414-9299
        Email: bedwards@reedsmith.com
              alefrak@reedsmith.com
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, a true and correct copy of the foregoing "Answer" was served through CM/ECF and by first class, U.S. mail, postage prepaid, to the following:

>John W. Hermina, Esquire
>Bar Id No. 421790
>Hermina Law Group
>Laurel Lakes Executive Park
>8327 Cherry Lane
>Laurel, Maryland  20707

>/s/ Betty S. W. Graumlich
>Betty S. W. Graumlich